IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE B. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:19-cv-927-ECM |
| | ) | (WO) |
| JEFFERSON DUNN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Now pending before the Court is the Plaintiff's motion to vacate or amend judgment (doc. 28) filed on December 21, 2020. In his motion to vacate or amend judgment, Smith "asks this court to either vacate the judgment of dismissal, or amend the judgment to allow him time to amend the complaint."[1] (Doc. 28 at 1). In his concluding paragraph, Smith asserts the following:

> Even assuming, however, that Mr. Smith failed to state a claim, the appropriate remedy was to dismiss with leave to amend (especially where neither party briefed the basis for dismissal). Mr. Smith respectfully requests, in the alternative, that this Court give him leave to amend his Complaint.

---

[1] In a footnote, Smith asserts that "[d]enying [him] leave to amend is due to be reviewed for abuse of discretion, as leave should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2)." (Doc. 28 at 4, n.12). At this juncture, Fed. R. Civ. P. 15(a) does not apply. "Rule 15(a), by its plain language, governs amendment of pleadings before judgment is entered; it has no application after judgment is entered." *Jacobs v. Tempur-Pedic Intern., Inc.,* 626 F.3d 1327, 1344 (11th Cir. 2010).

(*Id*. at 12).  While Smith asserts that the Court should have granted him leave to amend the Complaint, he cites to no authority in support of his position.  Notably, the first time Smith requested leave to amend his Complaint was in his post-judgment motion.  "A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."  *Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*).  Smith is represented by counsel, and at no point prior to entry of final judgment did Smith move for leave to amend the complaint.

Not only did Smith fail to seek leave to amend his Complaint before entry of final judgment, he buried his post-judgment request within his Motion to Vacate or Amend Judgment without providing the Court with the proposed amendment or any description thereof.  As such, he failed to properly raise the request.

> "Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."  *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999).  The [plaintiffs] also failed to comply with Federal Rule of Civil Procedure 7(b) when they failed to attach a copy of their proposed amendment or to describe the substance of their proposed amendment.

*Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009).  *See also*, *Newton v. Duke Energy Florida, LLC,* 895 F.3d 1270, 1277 (11th Cir. 2018); *Cita Trust Company AG v. Fifth Third Bank*, 897 F.3d 1151, 1157 (11th Cir. 2018); M.D. Ala. LR 15.1 (specifying that "[a] party who moves to amend a pleading…shall attach the original of the amendment to the motion").  The Court cannot discern from Smith's Rule 59(e) motion the substance of any

2

proposed amendment to the complaint. Consequently, while the Court is not required to grant Smith leave to amend his Complaint, the Court concludes that he should be given an opportunity to submit an appropriate motion for leave to amend that complies with the Federal Rules of Civil Procedure and this Court's Local Rules. Accordingly, it is

ORDERED that on or before **January 21, 2021**, the Plaintiff may file an appropriate motion for leave to amend in compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Done this 14th day of January, 2021.

/s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE