IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE B. SMITH, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:19-cv-927-ECM |
| | ) | (WO) |
| JEFFERSON DUNN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Willie B. Smith ("Smith") is an Alabama death row inmate in the custody of the Alabama Department of Corrections ("ADOC").  Smith is scheduled for execution on February 11, 2021.  On November 25, 2019, Smith filed a Complaint pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, asserting two causes of action against the Commissioner of the ADOC and the Warden of Holman Correctional Facility in their official capacities.  Smith asserted that Alabama's three-drug lethal injection execution protocol violated his right to be free from cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution, and that the Defendants violated his statutory rights under the ADA. (Doc. 1).  The Defendants filed a motion to dismiss, (doc. 10), which was fully briefed by the parties, (docs. 14 & 15), and orally argued to the Court, (doc. 27).  On December 14, 2020, the Court granted the Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and dismissed this case

without prejudice due to Smith's failure to state a claim. (Doc. 25).  On the same date, the Court entered final judgment. (Doc. 26).

On December 21, 2020, the Plaintiff filed a motion to vacate or amend judgment wherein he "asks this court to either vacate the judgment of dismissal, or amend the judgment to allow him time to amend the complaint." (Doc. 28 at 1).  In his concluding paragraph, Smith asserts,

> [e]ven assuming, however, that Mr. Smith failed to state a claim, the appropriate remedy was to dismiss with leave to amend (especially where neither party briefed the basis for dismissal).  Mr. Smith respectfully requests, in the alternative, that this Court give him leave to amend his Complaint.

(*Id*. at 12).

Notably, the first time Smith requested leave to amend his Complaint was in his post-judgment motion.  Thereafter, the Court gave the Plaintiff an opportunity to file an appropriate motion, consistent with the Court's local rules.  Only then did Smith file a motion for leave to file an amended complaint. (Doc. 32).  On January 21, 2021, Smith filed his motion for leave to amend and attached a copy of his proposed amended complaint. (*Id*.).  The Defendants oppose Smith's motion to vacate the judgment, (doc. 30), and his motion for leave to file an amended complaint, (doc. 34).

## RULE 59(e) MOTION

The Court turns first to the Plaintiff's motion to vacate or amend the judgment pursuant to Fed. R. Civ. P. 59(e).  Rule 59 does not delineate grounds for granting a motion to vacate or amend judgment.  It is generally accepted that

> [t]here are four basic grounds for granting a Rule 59(e) motion,
> . . . : (1) manifest errors of law or fact upon which the judgment
> was based; (2) newly discovered evidence or previously
> undiscoverable evidence; (3) manifest injustice in the
> judgment; and (4) an intervening change in the controlling law.

*Taylor v. First N. Am. Nat'l Bank*, 331 F.Supp.2d 1354, 1355 (M.D. Ala. 2004) (citing 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d 1995)); *see also Thomas v. Dolgencorp, LLC*, 2015 WL 4528232, at *2 (M.D. Ala. 2015). Granting a motion to vacate or amend judgment "is committed to the sound discretion" of the court. *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39 (11th Cir. 1985).

Smith asserts, among other things, that the Court erred in dismissing his complaint without first giving him an opportunity to amend. (Doc. 28 at 12). However, "[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*). Smith is represented by counsel, and at no point prior to entry of final judgment did Smith move for leave to amend the complaint. Thus, his assertion that the Court was somehow obligated to sua sponte grant him leave to amend the complaint, absent his request therefor, is not consistent with the law of this Circuit.

Moreover, the first time Smith requested leave to amend his complaint, he did so in a post-judgment motion without providing the proposed amendment or describing the

substance of his proposed amendment. (*See* Doc. 31).  As such, he failed to properly raise the request.

> "Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."  *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999).  The [plaintiffs] also failed to comply with Federal Rule of Civil Procedure 7(b) when they failed to attach a copy of their proposed amendment or to describe the substance of their proposed amendment.

*Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009). *See also Newton v. Duke Energy Fla., LLC,* 895 F.3d 1270, 1277 (11th Cir. 2018); *Cita Trust Co. AG v. Fifth Third Bank*, 897 F.3d 1151, 1157 (11th Cir. 2018); M.D. Ala. LR 15.1 (specifying that "[a] party who moves to amend a pleading . . . shall attach the original of the amendment to the motion").

Smith offers no explanation as to why his proposed amended complaint could not have been filed as his initial complaint in 2019.  Nor does Smith explain why he waited until after judgment had been entered against him to seek leave to amend the complaint. He had many opportunities to do so.  He could have filed a motion for leave to amend the complaint after the Defendants filed their motion to dismiss in January 2020; or after the motion to dismiss was fully briefed in March 2020; or between the briefing on the motion to dismiss and the December 1, 2020 notice of execution; or during oral argument on the motion to dismiss on December 11, 2020; or prior to entry of judgment on December 14, 2020.  Instead, Smith waited until after the Court had entered final judgment to seek leave to amend, and, even then, his request did not describe the substance of any proposed amendment.  Smith only filed an appropriate motion after being invited by the Court to do

4

so—post-judgment.  Despite Smith's protestation that the Court should not have entered final judgment but, instead, should have dismissed with leave to amend, the Court was not required to sua sponte grant such relief, and Smith is not entitled to relief on this basis.

The Court is under no obligation to vacate its judgment in order to provide Smith relief he did not request pre-judgment.  However, it is within the Court's considerable discretion to vacate its judgment in order to avoid a possible manifest injustice to Willie B. Smith.  Accordingly, in the interests of justice, the Court will grant the motion and hereby VACATES the final judgment, (doc. 26), entered on December 14, 2020.

## MOTION TO AMEND PURSUANT TO RULE 15(a)

The Court now turns to Smith's motion for leave to amend.  Because the Court has vacated the judgment under Rule 59(e), the appropriate standard to evaluate the Plaintiff's motion for leave to amend the complaint is under Rule 15(a) of the Federal Rules of Civil Procedure. *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361 n.22 (11th Cir. 2006); *see also Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1556 (11th Cir. 1984).

The Court "should freely give leave" to amend "when justice so requires."  Fed. R. Civ. P. 15(a).  The Court can deny a motion to amend when (1) the proposed amendment would be prejudicial to the opposing party; (2) there has been undue delay or bad faith on the part of the moving party; or (3) the amendment would be futile.  *See id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Defendants assert that the motion to amend is due to be denied as futile and because they would suffer undue prejudice.  A proposed amended

complaint is futile if the amended pleading could not withstand a motion to dismiss. *Burger King Corp. v. Weaver,* 169 F.3d 1310, 1320 (11th Cir. 1999). The Court cannot say at this juncture that Smith's proposed amended complaint could not survive a motion to dismiss. To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but it must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. In fact, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018) (quoting *Twombly*, 550 U.S. at 556). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Taylor By & Through Walker v. Ledbetter*, 818 F.2d 791, 794 n.4 (11th Cir. 1987); *Little v. City of North Miami*, 805 F.2d 962, 965 (11th Cir. 1986).

The Court has reviewed Smith's proposed amended complaint, which more fully states the factual bases for his causes of actions. "If a proposed amendment is not clearly futile, then denial of leave to amend is improper." 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d. 2020). Even if

this Court were to find that actual proof of the facts alleged is improbable, the Court is not prepared to say, at this point in the litigation, that the proposed amendment is clearly futile for the purposes of Rule 15.

The Defendants claim that an amendment would unduly prejudice them, noting that the Plaintiff is due to be executed on February 11, 2021.  However, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Burger King*, 169 F.3d at 1319.  The Court concludes that the prejudice to the Defendants is not sufficiently substantial to deny the amendment under the liberal Rule 15 standard.

The Court is aware of the uncertain future of this litigation given the impeding execution date.  However, this Court's rulings are governed by discrete legal standards, not speculation about what the future may hold.  Ultimate futility is not a sufficient basis to deny a motion to amend under Rule 15.

## CONCLUSION

For the reasons as stated, it is

ORDERED as follows:

1.      the Plaintiff's Motion to Vacate (doc. 28) is GRANTED;

2.      the Court's Final Judgment (doc. 26) entered on December 14, 2020 is VACATED; and

3.      the Plaintiff's motion for leave to file an amended complaint (doc. 32) is GRANTED.

4.      The Plaintiff shall file the amended complaint that was attached to his motion

for leave to amend in accordance with this order on or before **February 5, 2021**.

Done this 29th day of January, 2021.

_____/s/Emily C. Marks_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE