IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIE B. SMITH, III,                    )
                                         )
          Plaintiff,                     )
                                         )
v.                                       )          CASE NO.  2:19-cv-927-ECM
                                         )                    [WO]
JEFFERSON S. DUNN, *et al.*,             )
                                         )
          Defendants.                    )

## <u>MEMORANDUM OPINION AND ORDER</u>

### I.  INTRODUCTION

Now pending before the Court is Plaintiff Willie B. Smith, III's ("Plaintiff" or "Smith") motion for partial summary judgment. (Doc. 140).  Upon consideration of the briefs, evidence, and applicable law, and for the reasons that follow, the Plaintiff's motion for summary judgment is due to be DENIED.

### II.  JURISDICTION

The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.  Personal jurisdiction and venue are uncontested.

### III.  LEGAL STANDARD

"Summary judgment is proper if the evidence shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1311 (11th Cir. 2018) (quoting Fed. R. Civ.

P. 56(a)).  "[A] court generally must 'view all evidence and make all reasonable inferences in favor of the party opposing summary judgment.'" *Fla. Int'l Univ. Bd. of Trs. v. Fla. Nat'l Univ., Inc.*, 830 F.3d 1242, 1252 (11th Cir. 2016) (citation omitted).  However, "conclusory allegations without specific supporting facts have no probative value." *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 924–25 (11th Cir. 2018) (citation omitted).  If the record, taken as a whole, "could not lead a rational trier of fact to find for the non-moving party," then there is no genuine dispute as to any material fact. *Hornsby-Culpepper*, 906 F.3d at 1311 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  The movant bears the initial burden of demonstrating that there is no genuine dispute as to any material fact, and the movant must identify the portions of the record which support this proposition. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); Fed. R. Civ. P. 56(c).

## IV.  FACTS

Smith is a death-row inmate in the custody of the Alabama Department of Corrections ("ADOC") at Holman Correctional Facility ("Holman").  In his amended complaint (the operative complaint), the Plaintiff brings a claim pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. ("ADA"),[1] against Defendants Jefferson S. Dunn, in his official capacity as the Commissioner of the ADOC ("Commissioner Dunn"), and Terry Raybon, in his official capacity as the Warden of

---

[1] Title II of the ADA states in relevant part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

Holman ("Warden Raybon").[2] (Doc. 36).  The Plaintiff's ADA claim centers on ADOC officials' provision to him of an "Election Form" by which the Plaintiff could elect nitrogen hypoxia as his method of execution in place of lethal injection, Alabama's default method of execution.  The Plaintiff claims that the Defendants violated his rights under the ADA by failing to provide him a reasonable accommodation for his cognitive deficiencies with respect to the Election Form, which he says prevented him from making a timely election.

In their answer (doc. 58), the Defendants admitted certain paragraphs of the Plaintiff's amended complaint in their entirety (*see, e.g.*, *id.* at 3, paras. 13–14); denied certain paragraphs in their entirety (*see, e.g.*, *id.* at 5, paras. 29, 31); and admitted only specific portions of other paragraphs, setting forth the part that was admitted (*see, e.g.*, *id.* at 4, para. 19).  Pertinent to this motion are the Defendant's responses to the Plaintiff's allegations in Paragraphs 33–36 of the amended complaint.  The relevant paragraphs from the amended complaint and the corresponding responses from the answer are as follows:

> PARAGRAPH 33: Mr. Smith has been in the custody of the Alabama Department of Corrections since 1992. At all times relevant, the State of Alabama was aware and acknowledged Mr. Smith's WAIS III full scale IQ score was 72. Likewise, the State was aware that Mr. Smith's Stanford-Binet 5th ed. full scale IQ score was 64. Mr. Smith's need for an accommodation was obvious.[3]
>
> ANSWER: Admitted only to the extent that Smith has been in the ADOC's custody since 1992 and the Smith's state postconviction *Atkins* testing rendered scores of 72 (WAIS-III) and 64 (SB-5). Smith's expert,

---

[2] The Plaintiff also brought an Eighth Amendment claim pursuant to 42 U.S.C. § 1983 challenging his method of execution.  However, this Court previously dismissed the Eighth Amendment claim with prejudice. (Doc. 46 at 23).

[3] (Doc. 36 at 7, para. 33).

who testified as to the latter score, also testified that Smith is not intellectually disabled.[4]

PARAGRAPH 34: Intake records from 1992 demonstrate that ADOC was on notice that Mr. Smith struggled with comprehension and understanding. The intake officer recorded that even after explaining the purpose and subjects of the intake interview that he did not believe Mr. Smith understood.[5]

ANSWER: Admitted only to the extent that two documents from Smith's 1992 intake indicate that he might not have fully understood the purpose of the intake evaluation.[6]

PARAGRAPH 35: Neuropsychological testing place [sic] Mr. Smith in the moderately to severely impaired ranges in the ability to process and recall new information. Further, the Election Form handed out by the prison scores a 15.6 grade level on the Flesch-Kincaid Readability Scale. This level is that of an academic paper, and considered college level reading. At best, Mr. Smith reads at an 8th grade level. With his borderline IQ, general cognitive limitations, and limited reading abilities, it is clear that Mr. Smith was unlikely to understand the Election Form without assistance.[7]

ANSWER: Admitted only to the extent that Smith was administered neuropsychological tests during his state postconviction proceedings.[8]

PARAGRAPH 36: As a qualified individual without any reasonable accommodation made for his well-known disability, Mr. Smith did not submit an Election Form electing to be executed by nitrogen hypoxia within the 30-day window provided under Senate Bill 272. Such reasonable accommodations may have included, but are not limited to, use of simple language, a comprehension check, additional time, or assistive technology.[9]

---

[4] (Doc. 58 at 6, para. 33).

[5] (Doc. 36 at 7, para. 34).

[6] (Doc. 58 at 6, para. 34).

[7] (Doc. 36 at 7, para. 35).

[8] (Doc. 58 at 6, para. 35).

[9] (Doc. 36 at 7–8, para. 36).

ANSWER: Admitted only to the extent that Smith did not make a timely hypoxia election.[10]

After responding to the amended complaint paragraph by paragraph, the Defendants stated, under the heading "DEFENSES," that "Defendants deny any claim or allegation of Smith's amended complaint that is not expressly admitted above." (Doc. 58 at 9, para. B).

## V.  DISCUSSION

The Plaintiff's motion for partial summary judgment rests on a narrow legal argument: that the Defendants' answer fails to comply with Federal Rule of Civil Procedure 8(b)(4) because it fails to specifically deny certain allegations in Paragraphs 33–36 of the amended complaint, and that the failure to specifically deny certain allegations means that the Defendants have admitted them pursuant to Rule 8(b)(6).  According to the Plaintiff, the Defendants admitted the following material facts: (1) the Plaintiff's need for an accommodation was obvious; (2) the ADOC knew about his need; (3) it was unlikely that the Plaintiff would have understood the Election Form without assistance; and (4) reasonable accommodations for the Plaintiff's disability include but are not limited to "use of simple language, a comprehension check, additional time, or assistive technology." The Plaintiff contends that because the Defendants "admitted" these material facts, he is entitled to summary judgment on the final prong of his ADA claim.

To prevail on a claim under Title II of the ADA, a plaintiff must demonstrate:

(1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by

---

[10] (Doc. 58 at 6, para. 36).

the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

*J.S., III by and through J.S. Jr. v. Houston Cnty. Bd. of Ed.*, 877 F.3d 979, 985 (11th Cir. 2017) (per curiam) (citation omitted); *see also* 42 U.S.C. § 12132.  A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, . . . or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). Generally, "the duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made." *Gaston v. Bellingrath Gardens & Home, Inc.*, 157 F.3d 1361, 1363 (11th Cir. 1999) (per curiam).  However, a specific demand for an accommodation "may be unnecessary where the need for an accommodation is obvious." *Arenas v. Ga. Dep't of Corr.*, 2020 WL 1849362, at *12 (S.D. Ga. Apr. 13, 2020); *see also Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1197–98 (10th Cir. 2007) ("[A] public entity is on notice that an individual needs an accommodation when it knows that an individual requires one, either because that need is obvious or because the individual requests an accommodation.").

Federal Rule of Civil Procedure 8 provides in relevant part:

A party that intends in good faith to deny all the allegations of a pleading— including the jurisdictional grounds—may do so by a general denial.  A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

6

Fed. R. Civ. P. 8(b)(3). Additionally, the Rule provides that "[a] party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4). "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). As a "general rule," a party "is bound by the admissions in his pleadings." *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 621 (11th Cir. 1983) (affirming grant of summary judgment that bound non-moving party to admissions made in pleadings). Admissions in pleadings are judicially admitted facts that are "established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them." *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1178 (11th Cir. 2009) (quoting *Hill v. Fed. Trade Comm'n*, 124 F.2d 104, 106 (5th Cir. 1941)).

The Plaintiff's argument fails to appreciate the effect of page 9 of the Defendants' answer, in which the Defendants "den[ied] any claim or allegation of Smith's amended complaint that [was] not expressly admitted above." (Doc. 58 at 9, para. B). Citing the first sentence of Rule 8(b)(3), the Plaintiff contends that the Defendants' "general denial" was "insufficient" because they did not intend to deny all the allegations in the amended complaint. (Doc. 140 at 4 n.11). This is partially correct, since the Defendants did *not* deny all the allegations in the amended complaint. Instead, the Defendants admitted certain allegations and then "generally den[ied] all [allegations] except those specifically admitted" as authorized by the second sentence of Rule 8(b)(3). The Defendants' denial

on page 9 of their answer is consistent with Rule 8(b)(3) and thus is sufficient to deny the remaining allegations in Paragraphs 33–36 of the amended complaint.

The Plaintiff's sole argument to escape the reach of Rule 8(b)(3)'s second sentence is that in *Grayson v. Warden, Commissioner, Alabama DOC*, 869 F.3d 1204, 1217 n.31 (11th Cir. 2017), the Eleventh Circuit "clearly found" that this type of general denial "was improper and should not be raised as a defense." (Doc. 143 at 3 & n.8). The Plaintiff misunderstands *Grayson*. In *Grayson*, the Eleventh Circuit, in discussing the procedural history of the case, noted that the defendants raised eighteen affirmative defenses in their answer. 869 F.3d at 1217. The court listed all the affirmative defenses in Paragraphs A–R of the answer in a footnote. *Id.* at n.31. Paragraph R stated: "Defendants deny any claim or allegation of Frazier's amended complaint that is not expressly admitted," *id.*, similar to the "general denial" the Defendants used here. The Eleventh Circuit opined that certain defenses, including Paragraph R, "were simply denials that should not have been raised as defenses." *Id.* But *Grayson* did not hold that such denials are ineffective when labeled as "defenses." When read in context, it appears to the Court that the Eleventh Circuit's remarks about "denials that should not have been raised as defenses" were more about how to properly plead an affirmative defense than how to properly deny a complaint's allegations.

To be sure, it would have been better if the Defendants had not labeled their general denial as a "defense" in their answer. But nothing in the Federal Rules or in the case law indicates that this improper labeling renders the denial ineffective. Such a result would

elevate form over substance.  And "litigation is not meant to be a game of 'gotcha.'" *Trustgard Ins. Co. v. Daniels*, 2020 WL 762541, at *3 (S.D. Ga. Feb. 14, 2020).

Because the Defendants did not admit the at-issue allegations in the Plaintiff's amended complaint, the Plaintiff has failed to meet his initial burden under Rule 56(c) to show that there are no genuine disputes of material fact regarding the final prong of his ADA claim.  Thus, the Plaintiff is not entitled to summary judgment.

## VI.  CONCLUSION

For the reasons stated, it is hereby ORDERED that Smith's motion for partial summary judgment (doc. 140) is DENIED.

DONE this 17th day of October, 2021.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE